# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMES ALLEN ZOW, SR. and VERONICA D. ZOW,<br><br>    Plaintiffs,<br><br>v.<br><br>REGIONS FINANCIAL CORPORATION, *doing business as* Regions Mortgage; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; MERSCORP, Inc.; and SHAPIRO & SWERTFEGER, LLP,<br><br>    Defendants. | Case No. CV410-306 |

## REPORT AND RECOMMENDATION

*Pro se* plaintiffs James and Veronica Zow brought this wrongful-foreclosure case in state court but defendants removed it to this Court. (Doc. 1.) Plaintiffs now move to remand it to state court, arguing that while they initially raised a claim under the federal Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, they amended their complaint, pre-removal, to eliminate that claim, the only federal basis for their suit. (Doc. 5.) Defendants dispute this characterization, stating

that even in the amended complaint plaintiffs left in a paragraph stating that "Regions must provide plaintiff with proof that a debt is actually due in accordance with the Fair Debt Collection Practices Act, Section 809(b)," and they reincorporated that paragraph into each count of the complaint. (Doc. 10 at 2, *quoting* doc. 1-11 at 2.) In other words, they contend, plaintiffs have raised a federal question.[1]

The Court analyzes the complaint as it stood at the time of removal to this Court. *Pintando v. Miami-Date Housing Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007); *Farkas v. Suntrust Mortg. Inc.*, 2010 WL 5525359 at * 2 (S.D. Ala. Dec. 15, 2010); *see also id.* at * 2-3 (court had federal question jurisdiction over removed case because, at time of removal, complaint relied upon FDCPA to dispute debt). As explained by the Eleventh Circuit:

> On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 43, 53

---

[1] Defendants are not completely diverse, hence removal was not appropriate under the Court's diversity jurisdiction. 28 U.S.C. § 1332; *see Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) ("The presence in the action of a single plaintiff from the same state as a single defendant deprives the district court of original jurisdiction over the entire action.").

L.Ed. 126 (1908). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-10, 103 S. Ct. 2841, 2846, 77 L.Ed.2d 420 (1983)).

*Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).

Here, while plaintiffs may have cited to a federal law in their fractured complaint, they raised only state law claims. (Doc. 1-6 at 22-31 (complaint) *as amended by* doc. 1-11 at 4 (striking count IV FDCPA claim)). Nothing in the complaint even remotely suggests that this action, which challenges the legality of a foreclosure under Georgia law, "arises under" federal law or that federal law created the cause of action. Accordingly, there is no jurisdiction under the well-pleaded complaint rule, and defendants have pointed to no exception to that rule (e.g., complete preemption) that would apply to save this case from remand. *See Patterman v. Travelers, Inc.*, 11 F. Supp. 2d 1382, 1385-88 (S.D. Ga. 1997) (explaining complete preemption and the "artful pleading" rule); *id.* at 1388-89 (if both federal and state law is available, plaintiff may choose to forego federal remedy; even where federal law informs or is basis of a plaintiff's state law claims, removal may not be appropriate);

3

*but see Ayres v. General Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000) (finding a substantial federal question in Georgia RICO Act case where resolution of the case depended entirely on interpretation of the federal mail and wire fraud statutes and their interaction with the National Traffic and Motor Vehicle Safety Act).

Because the Court lacked jurisdiction to consider this case at the time it was removed from state court, plaintiff's motion to remand (doc. 5) should be **GRANTED**. This case should be remanded to the Chatham County Superior Court in accordance with 28 U.S.C. § 1447(c). The Court, however, should decline to grant plaintiffs' request for attorney's fees, since plaintiffs are proceeding *pro se* and have not incurred any counsel-related costs. *Cf. Kay v. Ehrler*, 499 U.S. 432, 435-36 (1991) (attorney's fees disallowed for *pro se* civil rights litigants under 42 U.S.C. § 1988); 8 Federal Procedure, Lawyers Edition § 20:487 (2010). Moreover, the Court should administratively deny any pending motions, since they should be decided by the state court upon remand.

**SO REPORTED AND RECOMMENDED** this  27th  day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA